UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

PHILIPP JOHN BRANT,                )
                                   )
              Plaintiff,            )
        vs.                         )    No.   1:06-cv-0768-DFH-WTL
                                   )
JASON RAKASKA, et al.,             )
                                   )
              Defendants.           )

**Entry Discussing Motion for Summary Judgment**

This cause is before the court on the complaint of plaintiff Philip John Brant ("Brant"), on the motion for summary judgment of defendants Jason Rakaska ("Officer Rakaska") and Brian Hofmeister ("Officer Hofmeister"), on Brant's response to such motion and on the defendants' reply.

Whereupon the court, having considered the pleadings, the motion for summary judgment, the response to such motion and the reply to such response, and being duly advised, finds that the defendants' motion for summary judgment must be **granted.** This conclusion is based on the following facts and circumstances:

1.    Summary judgment is proper when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c). To survive summary judgment, the non-movant must set forth "specific facts showing that there is a genuine issue for trial." FED.R.CIV.P. 56(e). "Factual disputes are 'genuine' only 'if the evidence is such that a reasonable jury could return a verdict for the [non-movant].'" *Oest v. Illinois Dep't of Corrections,* 240 F.3d 605, 610 (7th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)).

> Because the purpose of summary judgment is to isolate and dispose of factually unsupported claims, [the non-movant] must respond to the defendants' motion with evidence setting forth specific facts showing that there is a genuine issue for trial. . . . To successfully oppose the defendants' motion for summary judgment, [the non-movant] must do more than raise a "metaphysical doubt" as to the material facts . . . and instead must present definite, competent evidence to rebut the motion.

*Michael v. St. Joseph County,* 259 F.3d 842, 845 (7th Cir. 2001) (internal citations omitted). A non-movant's burden may be met through the designation of specific facts in affidavits, depositions, answers to interrogatories or admissions. *Selan v. Kiley,* 969 F.2d 560, 564 (7th Cir. 1992).

      2.      In this case, Brant has opposed the motion for summary judgment, but has not done so through the submission of any evidence, nor with the argument that the evidence relied on by the defendants' in support of their motion shows a genuine issue of material fact. His response consists of a narration of his claim, but such an account is of no value in showing that the defendants are not entitled to the relief sought in their motion for summary judgment. "[A] party's failure to comply with summary judgment evidentiary requirements is traditionally remedied . . . by excluding the non-conforming submission and deeming the opposing party's proposed findings of fact admitted and then determining whether those facts entitle the moving party to judgment as a matter of law." *Ziliak v. AstraZeneca LP,* 324 F.3d 518, 520 (7th Cir. 2003) (citing cases). There is no reason to stray from the traditional remedy in this case. Because Brant has not opposed the motion for summary judgment with materials meeting the standards of Rule 56(e) of the *Federal Rules of Civil Procedure*, the defendants' motion may be resolved based on the evidentiary materials they have submitted. See *Koszola v. Board of Education v. City of Chicago,* 385 F.3d 1104 (7th Cir. 2004); *Moore v. Holbrook,* 2 F.3d 697, 699 (6th Cir. 1993)(if documents submitted in support of a motion for summary judgment do not satisfy the requirements of Rule 56(e), they must be disregarded).[1]

      3.      Brant alleges in this action that the defendants who are officers with the Indianapolis Police Department, used constitutionally excessive force in the course of their arrest of him on April 16, 2006, for theft, possession of cocaine, escape, and resisting law enforcement. Brant's claim is asserted pursuant to 42 U.S.C. § 1983. "The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Wyatt v. Cole,* 112 S. Ct. 1827, 1830 (1992). To state a claim under § 1983, a plaintiff must allege (1) that he was deprived of a right secured by the Constitution or laws of the United States and (2) that the deprivation was caused by a person acting under color of state law.

---

[1] "The very mission of the summary judgment procedure is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *DeNovellis v. Shalala,* 124 F.3d 298, 305-06 (1st Cir. 1997)(quoting *Fed. R. Civ. P.* 56(e) advisory committee's note to 1963 amendment). Even if conclusory statements in Brant's opposition to the motion for summary judgment had been placed in an affidavit, Brant could not thereby avoid summary judgment, for "[t]he object of [Rule 56(e)] is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit." *Lujan v. National Wildlife Federation,* 497 U.S. 871, 888 (1990). Additionally, his statements could not overcome the conclusive effect of the factual matters which have been established through his non-response to requests for admissions served on him. See, e.g., *Kohler v. Leslie Hindman, Inc.,* 80 F.3d 1181, 1185 (7th Cir. 1996) ("When a party in a lawsuit makes an admission in its pleadings or in its answer to a request for admissions, it makes a judicial admission that can determine the outcome of that lawsuit." (citing Fed.R.Civ.P. 36(b))); *Keller v. United States,* 58 F.3d 1194, 1199 n.8 (7th Cir. 1995) ("Judicial admissions are formal concessions in the pleadings, or stipulations by a party or its counsel, that are binding upon the party making them. They may not be controverted at trial or on appeal . . . . [They] have the effect of withdrawing a fact from contention." (quotations omitted)).

*Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155-56 (1978). Subject matter jurisdiction over this claim is conferred by 28 U.S.C. § 1331, which provides that "[t]he District Courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

      4.      Section 1983 is not itself a source of substantive rights; instead it is a means for vindicating federal rights elsewhere conferred." *Ledford v. Sullivan,* 105 F.3d 354, 356 (7th Cir. 1997) (citing *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

      5.      Under prevailing Supreme Court precedent, "*all* claims that law enforcement officers have used excessive force--deadly or not--in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard." *Graham v. Connor,* 490 U.S. 386, 395 (1989) (emphasis in original). "Relevant factors in determining whether an officer's actions were objectively reasonable include 'the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.'" *Jordan v. City of Indianapolis,* 2002 WL 32067277, at *7 (S.D.Ind. 2002) (quoting *Graham,* 490 U.S. at 396).

      6.      Brant's allegations of excessive force are that while apprehending him, the defendants kicked him, stood on him, dropped him, and sprayed him with pepper spray. The evidentiary record supporting the defendants' motion for summary judgment, however, shows the following:

      a.      Brant was arrested on April 16, 2006, for theft, possession of cocaine, escape, and resisting law enforcement.

      b.      Brant fled from Officer Rakaska's police vehicle while wearing handcuffs.

      c.      Neither Officer Rakaska nor Officer Hofmeister sprayed Brant with pepper spray.

      d.      Neither Officer Rakaska nor Officer Hofmeister kicked Brant between the legs.

      e.      Neither Officer Rakaska nor Officer Hofmeister stepped on Brant's head.

      f.      Neither Officer Rakaska nor Officer Hofmeister dropped Brant from three to four feet above the ground.

      7.      The lawfulness of Brant's arrest on April 16, 2006, is not at issue in this case. His subsequent escape from the custody of police justified the use of force by the defendants necessary to effectuate his apprehension, for a police officer's ability to make a stop or an arrest "necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." *Graham,* 490 U.S. at 396; *Estate of Phillips v. City of Milwaukee,* 123 F.3d 586, 592-93 (7th Cir. 1997) (where an offender is resisting arrest, an officer can use that amount of force necessary to overcome the offender's resistance), *cert. denied,* 522 U. S. 1116 (1998).

8.	The force used in making the seizure in this instance was not objectively unreasonable. Although the existence, the amount, and the manner of force used to apprehend Brant is not affirmatively established by the evidentiary record, that same record, to which Brant has admitted and which he has not properly disputed, does affirmatively establish that the defendants did not use force against Brant in the manner alleged in Brant's complaint. Accordingly, the Fourth Amendment claim for the excessive use of force is without merit under the circumstances.

9.	Brant has not identified a genuine issue of material fact as to his claim against the defendants. *Liberles v. County of Cook,* 709 F.3d 1122, 1126 (7th Cir. 1983) ("It is a well-settled rule that a party opposing a summary judgment motion must inform the trial judge of the reasons, legal or factual, why summary judgment should not be entered."). The motion for summary judgment of is therefore **granted.** Judgment consistent with this Entry shall now issue.

So ordered.

*David F Hamilton*

DAVID F. HAMILTON, Judge
United States District Court

Date:  12/20/2006